IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EXELON GENERATION COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-102C |
| v. | ) | |
| | ) | Judge Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**EXELON GENERATION COMPANY, LLC'S REPORT**
**REGARDING DISCOVERY PLANS AND OBJECTIVES**

Pursuant to the Court's April 12, 2004 order ("Order"), Exelon Generation Company, LLC ("Exelon Generation") hereby submits this report regarding the Government's Motion For A Stay Or, In The Alternative, For Coordinated Discovery ("Stay Motion"), and Exelon Generation's discovery plans and objectives.

Exelon Generation is in a somewhat unique position with respect to the other plaintiffs in the newly-filed spent nuclear fuel ("SNF") cases pending in this Court. Exelon Generation, which operates eleven nuclear generating stations located in Illinois, Pennsylvania and New Jersey, is the plaintiff in another consolidated SNF case, *Exelon Generation Company, LLC and Commonwealth Edison Company v. United States*, Nos. 98-621C and 04-103C (hereinafter the "*ComEd* case"), which is scheduled for trial starting in November 2004. The *ComEd* case relates to six nuclear generating stations formerly owned by ComEd in Illinois.[1] Because Exelon

[1] This action relates to two other nuclear generating stations operated by Exelon Generation, the Limerick Generating Station and the Peach Bottom Atomic Power Station. Exelon Generation owns 100% of the Limerick station and 50% of the Peach Bottom station. The remaining 50% ownership interest in Peach Bottom is held by Public Service Electric and Gas Power, LLC ("PSEG"), and Exelon Generation is authorized to act on behalf of PSEG for these purposes. Exelon Generation is also a plaintiff in another recently-filed SNF case pending in this Court, *Exelon Generation Company, LLC, et al. v. United States*, No. 04-104C, which relates to three other nuclear generating stations owned by AmerGen Energy Company, LLC, which is itself wholly owned by Exelon Generation – the Oyster Creek Nuclear Generating Station, the Three Mile Island Nuclear Power Station Unit 1 and the Clinton Power Station.

Generation is a plaintiff in the *ComEd* case and recognizes that the *ComEd* trial will raise some issues that most likely also will arise in this case, Exelon Generation does not object to a stay of this case pending the resolution of the *ComEd* trial.

Having stated its overall position, Exelon Generation responds as follows to the information sought in the Court's Order.

## I. Nature And Scope Of Anticipated Discovery Related To Government's Standard Motion Regarding the Rate Of Acceptance.

With respect to what the Order refers to as the "Government's standard dispositive motion on the rate of acceptance," Exelon Generation assumes that the Court is referring to the "Motion for Partial Summary Judgment Regarding the Rate of Acceptance" that the Government filed in a number of the previously-filed SNF cases, including the *ComEd* case. Exelon Generation respectfully believes that this motion has no merit and notes that all three judges who previously have ruled on that motion have denied it, including Judge Hewitt, who denied it in the *ComEd* case. Exelon Generation therefore respectfully submits that it is not appropriate or efficient to plan anticipated discovery in this matter based upon what is necessary to respond to the Government's motion -- if the Government chooses to file it in this case.

Nevertheless, specifically responding to the Order, assuming that the Court does not stay this matter and the Government files the substantively identical partial summary judgment motion in this case that the Government filed in earlier cases, and assuming that the Government will stipulate to Exelon Generation's use of previous depositions of Department of Energy ("DOE") and former DOE employees and contractors taken in other SNF cases as if they were taken in this, Exelon Generation generally does not anticipate the need for additional depositions to respond to the Government's motion. However, to the extent that the Government has produced or will produce additional documents that were not available at the time that the

previous depositions were taken in those cases relevant to the motion, Exelon Generation respectfully submits that it should have at least the right to take additional depositions based upon those documents.

## II. Any Circumstances That May Affect The Timing Of Discovery Or Trial.

As stated above, Exelon Generation is also a plaintiff in the *ComEd* case, which is currently scheduled for trial in November 2004. In connection with the *ComEd* case, Exelon Generation has provided certain document discovery relating to the nuclear stations that are the subject of this case. Exelon Generation recognizes that the *ComEd* trial will raise some issues that most likely will arise in this case, such as the overall rate of acceptance applicable under the contract between Exelon Generation and the United States, and that the testimony and evidence elicited on those issues, in addition to the prior discovery in the SNF cases, may be useful to both sides. Therefore, Exelon Generation does not object to a stay of this matter until the completion of the trial in the *ComEd* case, which is scheduled for December 2004.

## III. Whether Discovery Previously Provided In The Old SNF Cases Will Suffice In This Case If The Government Consents To The Full Use Of Discovery In This Case.

Assuming the Government consents to the full use of discovery taken in the other SNF cases in this case, Exelon Generation believes that the amount of offensive discovery it eventually will need in this case will be reduced substantially and, with respect to certain issues, Exelon Generation most likely will not need any additional discovery. For example, plaintiffs in other SNF cases already have deposed a number of persons regarding DOE's initial expectations regarding the overall acceptance rate applicable under the Nuclear Waste Policy Act and the Standard Contract. Exelon Generation does not anticipate needing to redepose those individuals.

Exelon Generation's willingness to "live with" the offensive deposition discovery already taken on certain issues is subject to three exceptions. First, with respect to certain relevant issues

in this case, such as the date on which the Government currently expects to perform, the rate at which it expects to perform, or the type of SNF containers the Government plans to use, there have been and continue to be certain ongoing developments in the Government's SNF repository program relevant to those issues. Exelon Generation anticipates that it will need to depose individuals regarding those ongoing efforts. Second, to the extent that the Government identifies, pursuant to RCFC Rule 26(a), individuals with knowledge who previously have not been deposed, or produces documents which were not produced earlier in the SNF cases, Exelon Generation likely will need to take additional depositions of those deponents or regarding those documents. Third, to the extent that documents not available during the prior depositions are produced by the Government, the generation or production of those additional documents may necessitate additional limited depositions.

**IV. Additional Response To The Issues Raised In The Government's Motion To Stay Or Coordinate Discovery.**

Exelon Generation does not have any additional response to the issues raised in the Government's motion to stay filed in the other SNF cases.

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

COUNSEL FOR PLAINTIFF

Of Counsel:

Donald R. Cassling
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II
5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

Dated: April 23, 2004

**Certificate of Filing**

I hereby certify that on this 23rd day of April 2004, a copy of the foregoing Exelon Generation Company, LLC's Report Regarding Discovery Plans And Objectives, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch
Norman M. Hirsch

1072154